# IN THE COURT OF APPEALS OF IOWA

No. 14-1141
Filed April 8, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AUSTON HART,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Joel W. Barrows, Judge.

Defendant appeals the sentence on his conviction for second-degree theft.

**AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, and Alan R. Ostergren, County Attorney, for appellee.

Considered by Potterfield, P.J., Bower, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, S.J.**

Defendant Auston Hart appeals the sentence on his conviction for second-degree theft. He claims the court abused its discretion by revoking his deferred judgment and sentencing him to prison. We affirm the decision of the court.

Pursuant to a plea agreement, Hart entered a guilty plea to a charge of second-degree theft. On July 15, 2011, Hart was given a deferred judgment and placed on probation for two years.

The State filed a probation violation complaint on June 18, 2012, asserting Hart had recent criminal violations, admitted smoking marijuana, and had not obtained a substance abuse evaluation. The court determined Hart was in contempt, sentenced him to 180 days in jail, and then continued his probation.

A second probation violation complaint was filed on June 21, 2013, asserting Hart had new criminal charges for possession of a controlled substance and drug paraphernalia and had not obtained a substance abuse evaluation. The court continued the deferred judgment and extended Hart's probation for an additional year.

On April 18, 2014, the State filed a third probation violation complaint, asserting Hart had been charged with driving while his license was suspended and disorderly conduct. While he had obtained a substance abuse evaluation, he had not followed through with recommended treatment. After a hearing, the court revoked Hart's probation and sentenced him to five years in prison.

Hart appeals, claiming the court abused its discretion by revoking his deferred judgment and sentencing him to prison. He claims the court should have considered mitigating circumstances, such as his problems with substance

abuse, his age, and his employment. Where a defendant's sentence is within the statutory limits, it will not be vacated on appeal unless there has been an abuse of discretion or a defect in the sentencing procedures. *State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013). There is an abuse of discretion when the grounds for the court's decision are clearly untenable or unreasonable. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010).

We conclude the court did not abuse its discretion by revoking Hart's deferred judgment and sentencing him to a five-year prison term. Hart repeatedly violated the terms of his probation. The court noted, "I think every opportunity has been afforded to you to conform your behavior, and unfortunately, for whatever reason, be it due to substance abuse issues or whatever, that you clearly haven't addressed yet, looking at your violations."

We do not further extend this opinion because it would not augment or clarify existing case law. *See* Iowa Ct. R. 21.26(1)(e). We affirm the decision of the district court.

**AFFIRMED.**